TWG

Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Empire State Building
350 Fifth Avenue
Suite 5720
New York, NY 10118
Tel 212.239.9292
Fax 212.239.9001
www.twglawyers.com

Kenneth P. Thompson
kthompson@twglawyers.com

May 9, 2007

**BY ECF & FACSIMILE**

Honorable Barbara S. Jones
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: United States v. Abatement International/Advatex Associates and Marco Molina
Case No. 06-Cr.-900

Dear Judge Jones:

We submit this letter on behalf of Defendant Abatement International/Advatex Associates (the "Company"), which is to be sentenced by the Court on May 18, 2007 in the above-referenced matter. Pursuant to the terms of the written plea agreement by the parties, and the sentencing factors under 18 U.S.C. § 3553(a), we respectfully request that the sentence imposed on the Company consist of the terms agreed to by the parties in the plea agreement, which includes a fine of $56,000, special assessment fee of $400, and a one-year term of probation.[1]

**Background**

Pursuant to a plea agreement, the Company pleaded guilty on February 9, 2007 to Count I of the Indictment, namely, violating the federal standards governing asbestos removal (hereinafter "work practice standards") under the Environmental Protection Act, 42 U.S.C. §§ 7412, 7413(c)(1), 40 C.F.R. § 61.145, and 18 U.S.C. § 2. The offense arose from the Company's abatement of asbestos in the basement boiler (pump) room at 1938 E. Tremont Avenue, Bronx, New York, which is part of the Parkchester housing complex, in February 2004.

Prior to the indictment of the Company, the Company cooperated with the Government's investigation, since 2004, and was engaged in negotiations with the Government to reach an agreement pursuant to an Information that would be filed against the Company. The parties,

---

[1] The parties agreed that the United States Sentencing Guidelines provide a probationary term of 1 to 5 years, and that the Defendant could request the minimum one-year term.

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Honorable Barbara S. Jones
May 9, 2007
Page 2

however, were unable to agree on sentencing issues. Shortly thereafter, on October 11, 2006, the Company and Co-Defendant Marco Molina were charged in an Indictment. The Company and the Government promptly continued their plea negotiations where they left off prior to the filing of the Indictment, and a plea agreement was reached in January 2007. The Company entered a guilty plea on February 9, 2007, pursuant to a plea agreement with the Government. The parties agreed that the appropriate sentence in this case was a fine of $56,000, a special assessment fee of $400, the Company's discontinuance of any asbestos-related, demolition or renovation activities, and a term of probation.

**The Company Has Accepted Responsibility For the Offense**

Despite attempts by the Company to comply with the work practice standards, the Company recognizes it is liable for the violation of the work practice standards and accepts full responsibility for the offense. In addition to having cooperated with the Government's investigation prior to the Indictment and having engaged in good-faith efforts to reach the plea agreement that was finalized in January 2007, the Company has in essence shut down its business of asbestos abatement and is prepared to promptly pay the fine after sentencing and to serve a term of probation.

**There Was No Release of Asbestos Fibers**

The Presentence Investigation Report ("PSR") indicates that there was no release of asbestos fibers arising from the Company's asbestos removal at 1938 E. Tremont Avenue. *See* PSR ¶¶ 12, 13. This factor should weigh in favor of the sentence agreed upon by the parties.

**The Requested Sentence is the Appropriate Sentence Under 18 U.S.C. § 3553(a)**

In light of the foregoing factors, the Company respectfully submits that the appropriate sentence under 18 U.S.C. § 3553(a) – one that is sufficient but not greater than necessary to comply with the purposes of sentencing set forth in § 3553(a)(2) – is the sentence agreed to by the parties in the plea agreement. Indisputably, the impact of the conviction on the Company and the terms of the sentence agreed to by the parties, especially the discontinuance by the Company of any and all asbestos-related, demolition and renovation-related activities, guarantees that retribution, deterrence and incapacitation are achieved.

Moreover, the Company respectfully requests a one-year term of probation if probation is imposed, which is sufficient to ensure that the Company pays the fine and ceases any and all asbestos-related, demolition and renovation-related activities. Because the Company is prepared to pay the fine immediately after sentencing and has already ceased its asbestos-related, demolition and renovation-related activities, a term of probation greater than one year is not necessary. In addition, given the already extensive duration of time that the Company has been

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Barbara S. Jones
May 9, 2007
Page 3

under investigation by the Government and worked with the Government on reaching a plea agreement that resulted in the termination of the Company's business, a probationary term that is greater than one year is unwarranted.

Lastly, the Company respectfully requests that the conditions of probation enumerated under U.S.S.G. § 8D1.3(b)(1), (2) not be imposed given the terms of the sentence agreed to by the parties and Probation's findings related to victim notice and restitution (*see* PSR ¶¶ 13, 37). Pursuant to the plea agreement, the parties already agreed that the Government will issue notice of the conviction to the employees who worked on the asbestos removal at 1938 E. Tremont Avenue and the building managers. The parties also agreed that restitution was not warranted or required in this case, which Probation confirmed in its PSR. Accordingly, the only condition under § 8D1.3(b) that is appropriate in this case is requiring the Company to reside in New York City.

Thank you for your consideration.

Respectfully submitted,

Kenneth P. Thompson

cc:   David O'Neill, AUSA (by ECF & facsimile)
      Thomas Fitzpatrick, Esq. (by ECF & facsimile)